ORDERED in the Southern District of Florida on _____4/03/09_____.



Raymond B. Ray, Judge
United States Bankruptcy Court

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov
Broward Division

| | |
|---|---|
| In re: | Case No. 08-25694-BKC-RBR |
| TIDEWATER LODGING GROUP, LLC, a Virginia limited liability company, *et al*, | Chapter 11 Jointly Administered |
| Debtors._____/ | |
| TIDEWATER LODGING GROUP, LLC., a Virginia limited liability company; TREVISO BY THE SEA JOINT VENTURE, LLC., a Florida limited liability company; OCEAN POINT JOINT VENTURE, a Florida limited liability company and PATRICK BARATTA, | |
| Plaintiffs, | Adv. Case No. 09-01053 |
| v. | |
| KOLTER COMMUNITIES MANAGEMENT, LLC a Florida limited liability company; KOLTER PROPERTY MANAGEMENT, INC., a Canadian corporation; KOLTER REALTY, LLC., a Delaware limited liability company; SOUTHEAST FLORIDA FINANCE COMPANY, LLC., a Florida limited liability company, | |
| Defendants._____/ | |

### ORDER GRANTING MOTION FOR REMAND AND
### DENYING MOTION FOR LEAVE TO AMEND COMPLAINT AS MOOT

THIS MATTER came before the Court for hearing on February 11, 2009, upon the

TAGGED

Notice of Removal [D.E. 1] filed by the Debtors, and the Motion for Remand [D.E. 6] filed by Kolter Communities Management, LLC, Kolter Property Management, Inc., Kolter Realty, LLC, and Southeast Florida Finance Company, LLC (collectively, the "Defendants"). The Debtors also filed a motion (the "Motion to Amend Complaint") [D.E. 9] to amend the complaint attached to the Notice of Removal (the "Complaint") [D.E. 1, Exhibit 1], and a Response to the Motion for Remand [D.E. 10]. The Defendants have since filed a limited objection to the Motion to Amend Complaint [D.E. 13]. For the reasons delineated below, the Court will grant the Motion for Remand and deny the Motion to Amend Complaint.

## Background and Procedural History

On July 9, 2007, the Debtors, Ocean Point Joint Venture, and Patrick Baratta filed suit in state court against the Defendants on four state law causes of action related to usury (the "State Court Action").[1]

On October 21, 2008, the Debtors filed petitions for chapter 11 relief. The cases are jointly administered. The primary assets in the cases were two parcels of real estate (the "Properties") subject to a first mortgage held by Broadway Bank in the approximate amount of $30 million. Early in the case, the Court set a deadline for the Debtors to either produce a reorganizing plan with respect to the Properties or else allow the automatic stay to be modified and Broadway Bank to foreclose on the Properties in state court. That deadline has passed and the Properties were sold in foreclosure on January 21, 2009.

However, on January 16, 2009, the Debtors filed the Notice of Removal, seeking to remove the State Court Action to this Court. The Defendants filed the Motion for Remand on January 26, 2009, arguing that: (1) the State Court Action is not a core proceeding under 28

---

[1]The four specific causes of action are: (1) usury, (2) criminal usury, (3) conspiracy to commit usury and criminal usury, and (4) aiding and abetting usury and criminal usury.

U.S.C. §157, and (2) 28 U.S.C. §1334(c)(2) requires the Court to remand this adversary proceeding to the state court. On January 30, 2009, the Debtors filed the Motion to Amend Complaint and the Response. The Motion to Amend Complaint primarily seeks to amend the Complaint by adding counts for the avoidance of fraudulent obligations and fraudulent transfers. The Response argues that the Complaint, with or without the proposed amendments, contains core proceedings. Finally, the Defendants filed the Limited Objection on February 9, 2009, contending that the Court must determine if it has jurisdiction over this matter before ruling on the Motion to Amend Complaint.

The issues present are therefore: (1) must the Court rule on the Motion to Remand and determine jurisdiction before turning to subsequent, related motions, (2) does the Court have jurisdiction over this matter, and (3) does 28 U.S.C. § 1334(c)(2) require the Court to remand this matter to the state court.

## Conclusions of Law

A.   *The Motion to Remand must be addressed first.*

"When presented with a motion to remand a proceeding which has been removed from the state court, the bankruptcy court must first evaluate whether the state court action was properly removed; that is, it must determine whether it has subject matter jurisdiction over the proceeding." *In re Santa Clara County Child Care Consortium*, 223 B.R. 40, 44 (1st Cir. 1998). When faced with a motion to remand and related motions, a bankruptcy court should therefore decide the motion to remand first because it is dispositive. *See In re W.S.F. – World Sports Fans, LLC*, 367 B.R. 786, 791 (Bankr. D.N.M. 2007) ("Where a proceeding has been removed to the bankruptcy court and the party who removed the proceeding seeks to transfer venue while the opposing party seeks abstention and remand, the Court should first consider whether to abstain and remand before addressing the request to change venue."); *Global Underwriting*

*Mgmt., Inc. v. Chatham Underwriting Mgmt., Inc.*, 147 B.R. 601, 603 (Bankr. S.D. Fla. 1992) (noting "that where both a motion to abstain and a motion to transfer venue are pending, it is proper to consider the motion to abstain first because it is jurisdictional and dispositive.").

Accordingly, the Court will address the Motion to Remand first.

B.  *Usury claims are not core matters.*

The Complaint alleges four state law causes of action relating to usury. The Notice of Removal alleges that the State Court Action is a core proceeding.

However, the Southern District of Florida has recognized that usury claims are not core proceedings. In *In re Marill Alarm Systems, Inc.*, the district court invalidated a bankruptcy court judgment on a removed usury claim:

> The substance of this proceeding does not support a finding of core status...the essential issue in this proceeding is whether appellants are liable under Florida law for their alleged scheme to collect usurious interest from and defraud [the debtor]. Accordingly, the bankruptcy judge's jurisdiction was limited pursuant to 28 U.S.C. §§ 157 *et seq.*.
> The only arguable basis for conferring core status to this proceeding would be pursuant to the "catch-all" provision of section 157 (28 U.S.C. § 157(b)(2)(O)) because [the debtor's] claim "affects the liquidation of the assets of the estate." If this Court conferred core jurisdiction on that basis, however, virtually any claim which could increase the assets of the estate would entitle the bankruptcy court to ignore the constitution proscription set forth in *Marathon*. The Court will not interpret section 157 so broadly.

*In re Marill Alarm Systems, Inc.*, 81 B.R. 119, 123 (S.D. Fla. 1987) (citations omitted). The Court thus does not have jurisdiction over this matter pursuant to 28 U.S.C. § 157.

C.  *28 U.S.C. § 1334(c)(2) requires the Court to remand this matter to state court.*

28 U.S.C. § 1334(c)(2) provides that:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such a proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Page 4 of 6

Since the Defendants timely filed the Motion to Remand, abstention is mandatory if: (1) the case is based upon a state law claim or cause of action that did not arise under title 11 or in a case under title 11; (2) the case could not have been commenced in federal court absent the filing of the bankruptcy petition; and (3) the case could be timely adjudicated in state court. See *Global Underwriting Mgmt., Inc.*, 147 B.R. at 603.

As stated, the State Court Action is comprised of usury claims that do not arise under title 11 or in a case under title 11. As there is no separate basis for federal jurisdiction, the case could not have been filed in federal court absent the bankruptcy petition. Finally, the case can be timely adjudicated in state court. Mandatory abstention is therefore appropriate.

Notwithstanding the above, the Court notes that bankruptcy courts have discretion to abstain from exercising jurisdiction over removed cases in the interests of justice, comity with state courts, or respect for state law. 28 U.S.C. § 1334(c)(1); *Global Underwriting Mgmt., Inc.*, 147 B.R. at 604. In addition to the elements of mandatory abstention, the Court can consider factors such as the effect abstention would have on the administration of the estate. *Balcor/Morristown Ltd P'Ship v. Vector Whippany Assocs.*, 181 B.R. 781, 793 (D.N.J. 1995).

There will be little or no impact on the administration of the estate in this case because the Debtors' going concern has ended. The Properties have been foreclosed and the remaining assets of the estate consist of its causes of action. Reorganization is not possible. For these reasons, the Court would find discretionary abstention to be appropriate even if mandatory abstention was not.

In light of the foregoing, it is hereby

**ORDERED** that the Motion for Remand [D.E. 6] is **GRANTED**. The Motion to Amend Complaint [D.E. 9] is **DENIED AS MOOT**.

###

Clerk shall furnish copies to:

Christian Petersen, Esq.

*Attorney Petersen is directed mail a copy of this order to all interested parties upon receipt and file a Certificate of Service.*